UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK GORDON CLARK,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 18-cv-13758
Hon. Matthew F. Leitman

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 26), (2) ADOPTING RECOMMENDED DISPOSITION IN REPORT AND RECOMMENDATION (ECF No. 25), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 21), AND (4) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15)**

In this action, Plaintiff Frank Gordon Clark challenges the denial of his application for Disability Insurance Benefits under Title II of the Social Security Act. (*See* Compl., ECF No. 1.) Both Clark and Defendant Commissioner of Social Security filed motions for summary judgment. (*See* Mots., ECF No. 15, 21.) On November 12, 2019, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant the Commissioner's motion and deny Clark's motion (the "R&R"). (*See* R&R, ECF No. 25.)

Clark has now filed timely objections to the R&R (the "Objections"). (*See* Objections, ECF No. 26.) He argues that the ALJ wrongly discounted the opinions

1

of his treating physician Dr. David A. Green and that the Magistrate Judge erred when he "fail[ed] to correct this error." (*Id.*, PageID.960.)

The Court has carefully reviewed the Objections and concludes that they are without merit. Clark's primary objection to the R&R rests upon an argument that he did not include in his motion for summary judgment or in his response to the Commissioner's motion for summary judgment. Clark is not entitled to relief based upon this tardy contention. Moreover, the Court is not persuaded that the ALJ erred in discounting Dr. Green's opinions. Therefore, for the reasons stated below, Clark's Objections to the R&R are **OVERRULED,** and the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Clark's motion.

**I**

On February 19, 2016, Clark filed an application for Disability Insurance Benefits. (*See* ECF No. 9-5, PageID.214.) Clark's application was denied (*see* ECF No. 9-4, PageID.126), and he thereafter requested a hearing on the application before an administrative law judge (the "ALJ"). (*See id.*, PageID.143.) Clark also submitted medical records to the ALJ in support of his application. Among other things, Clark submitted opinions and records from his treating physician, Dr. Green. Dr. Green noted that Clark suffered from chronic left ankle pain and Complex Reginal Pain Syndrome ("CRPS"). Dr. Green determined that as a result of these conditions, Clark "always" needed to elevate his legs with a pillow while seated.

2

(ECF No. 9-8, PageID.407.) Dr. Green also wrote that Clark could not operate a motor vehicle, needed a cane to ambulate, and could neither perform activities like shopping nor "walk a block at a reasonable pace on rough or uneven surfaces." (*Id.*, PageID.406-411.) Dr. Green ultimately concluded that Clark was "totally disabled." (ECF No. 9-11, PageID.600.)

Following the administrative hearing, the ALJ issued a written decision in which she determined that Clark was not disabled and was not entitled to disability benefits. (*See* ECF No. 9-2, PageID.46-60.) In reaching that conclusion, the ALJ assigned "little weight" to Dr. Green's opinions. (*See id.*, PageID.56-57.) Among other things, the ALJ determined that Dr. Green's opinions were not supported by, and were at times contradicted by, the medical evidence in the record, including Dr. Green's own treatment records. (*See id.*) More specifically, the ALJ concluded that the "minimal … findings" during Dr. Green's own physical examinations of Clark did "not support" the "severe limitations" reflected in Dr. Green's opinions. (*Id.*, PageID.57.) The ALJ also "noted that despite [Clark's claim] about leg elevation to help alleviate his foot pain, there is no mention in any of his treatment records about leg evaluation at the frequency or degree he described." (*Id.*, PageID.55.)

## II

Clark filed this action seeking review of the ALJ's decision on December 4, 2018. (*See* Compl., ECF No. 1.) Both Clark and the Commissioner then filed cross-

3

motions for summary judgment. (*See* Mots., ECF No. 15, 21.) In Clark's motion, he argued among other things that the ALJ violated what is commonly referred to as the "treating physician rule"[1] when the ALJ failed to provide "good reasons" for discounting Dr. Green's opinion that Clark needed to "elevate his leg while seated." (Clark Mot. for Summ. Judg., ECF No. 15, PageID.886.)

On November 12, 2019, the Magistrate Judge issued the R&R in which he recommended that the Court grant the Commissioner's motion for summary judgment and deny Clark's motion. (*See* R&R, ECF No. 25.) In reaching that recommendation, the Magistrate Judge thoroughly reviewed the administrative record and concluded that the ALJ's "rationale for rejecting Dr. Green's … assessment[s] satsifi[ed] the substantive and procedure requirements of the treating physician rule." (*Id.*, PageID.953.) The Magistrate Judge then specifically rejected Clark's argument that the ALJ ignored Dr. Green's opinion that Clark needed to elevate his leg while seated:

> While Plaintiff also faults the ALJ for failing to provide specific reasons for rejecting the need for leg elevation, the ALJ mentioned the leg elevation finding in her summation of Dr. Green's assessment (Tr. 28). She also cited records showing that Plaintiff was able to stand without limitation and noted specifically that the alleged need for leg

---

[1] Under the "treating physician rule" in place at the time Clark filed his application for benefits, an ALJ was required to give the opinion of a treating physician controlling weight if that opinion was well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. *See* SSR 96-2p.

> elevation was not supported by the treating records (Tr. 26, 28). Her acknowledgment of the alleged limitation and her finding that the record did not support the need for leg elevation constitutes "sufficiently specific" reasons for the accord of "little weight" to this portion of Dr. Green's assessment.
>
> [....]
>
> The ALJ's well articulated rejection of Dr. Green's disability opinion is consistent with my own review of the records showing multiple observations that Plaintiff was able to stand without difficulty and exhibited normal muscle strength and tone (Tr. 552, 555, 459, 793, 634). Plaintiff's ability to engage in outdoor activities including camping, archery, hunting, the use of an all-terrain vehicle, driving, and cutting brush (Tr. 425, 502, 505, 566, 601) also undermines the conclusion that he required to elevate his leg for 50 percent of his waking hours. For these reasons, the ALJ did not err rejecting Dr. Green's disability opinions.

(*Id*., PageID.953-954; internal citations omitted).

## III

Clark filed his Objections to the R&R on November 21, 2019. (*See* Objections, ECF No. 26.) Clark argues that "the ALJ's rejection of Dr. Green's opinion was not met with the requisite 'good reasons,' nor was this reasoning 'sufficiently specific' to explain why the ALJ rejected the most critical portion of this opinion: that Clark was required to elevate his legs throughout the day 'with a pillow' due to his [CRPS]." (*Id.*, PageID.960.)

5

Clark insists that the ALJ erred in two respects when she rejected Dr. Green's opinion that Clark needed to elevate his legs with a pillow. First, Clark argues that the ALJ's rationale for rejecting Dr. Green's opinion "reflects a fundamental misunderstanding of CRPS, and neither the ALJ decision nor the Magistrate's [R&R] indicate any understanding of the type of clinical findings that should be looked at when analyzing a case with a CRPS diagnosis." (*Id.*, PageID.961.) Clark says that the ALJ and Magistrate Judge should have analyzed Clark's diagnosis of CRPS and Dr. Green's treatment recommendations for that condition under Social Security Ruling 03-02p – a ruling that "provides guidance for adjudicators when analyzing cases of CRPS" – and that it was error when neither did so. (*Id.* PageID.961-962.) Second, Clark asserts that the ALJ did not "specifically" address Dr. Green's "assessed need for leg elevation with a pillow." (*Id.*, PageID.963.)

## IV

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

6

# V

The Court has carefully reviewed Clark's Objections with respect to the ALJ's decision to provide "little weight" to Dr. Green's opinions, including Dr. Green's assessment that Clark needed to frequently elevate his leg with a pillow, and it concludes that they are without merit for at least three reasons.

First, to the extent that Clark argues that the ALJ and/or the Magistrate Judge should have reviewed Dr. Green's opinions and Clark's diagnosis of CRPS under SSR 03-02p, that objection comes too late. Clark never raised this argument or ever referenced SSR 03-02p before the Magistrate Judge in either his motion for summary judgment or his response to the Commissioner's motion. As the United States Court of Appeals for the Sixth Circuit has held, an argument "raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Sec. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (affirming district court ruling that plaintiff waived argument that ALJ "gave improper weight to the treating physician's opinion" because plaintiff failed to raise argument before the Magistrate). "Put simply, the Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Dixon v. Comm'r of Soc. Sec.*, 2012 WL 113522, at *1 (E.D. Mich. Jan. 13, 2012) (internal quotation marks omitted) (noting that "[t]he Sixth Circuit has [] indicated a party is procedurally barred from raising as 'objections' arguments

which were never presented to the magistrate judge," and "reject[ing] attempt to introduce new arguments and evidence not presented to the Magistrate Judge"). Because Clark never raised an argument related to SSR 03-02p before the Magistrate Judge, he is barred from doing so now in the Objections.

Second, to the extent that Clark argues that the ALJ failed to provide sufficient reasons for discounting Dr. Green's opinions, the Court disagrees. Clark insists that the ALJ erred when she failed to specifically explain why she discounted Dr. Green's contention that Clark needed to frequently elevate his legs with a pillow. However, the ALJ did appropriately consider and discuss all of the evidence in the record related to Clark's claimed need to elevate his legs. That evidence included both (1) Dr. Green's opinions and (2) Clark's testimony at the administrative hearing that he needed to frequently elevate his legs. The ALJ discounted all of Dr. Green's opinions – which included his opinions related to Clark's need to elevate his legs – because the medical evidence in the record, Dr. Green's own treatment notes, and Dr. Green's "minimal physical exam findings," did not support the "severe limitations" that Dr. Green indicated. (ECF No. 9-2, PageID.57.) And the ALJ rejected Clark's testimony regarding his leg elevation because "there is no mention in any of [Clark's] treatment records about leg elevation at the frequency or degree he described at the hearing." (*Id.*, PageID.55.) Thus, the ALJ did appropriately consider and explain why she was rejecting the claimed need for Clark to elevate his

8

legs. And to the extent that the ALJ did not explain why she was rejecting Dr. Green's specific recommendation that Clark needed to elevate his legs, the Court, viewing the ALJ's decision "as a whole," concludes that she provided sufficient good reasons for discounting all of Dr. Green's opinions, including his opinion concerning leg elevation. *Hill v. Comm'r of Soc. Sec.r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014). *See also Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th Cir. 2010) (explaining that an ALJ need not "discuss each piece of data in [her] opinion, so long as [she] consider[s] the evidence as a whole and reach[es] a reasoned conclusion").

Finally, and moreover, the Court agrees with the Magistrate Judge's conclusion that "[t]he ALJ's well articulated rejection of Dr. Green's disability opinion is consistent with [a] review of the records showing multiple observations that [Clark] was able to stand without difficulty and exhibited normal muscle strength and tone." (R&R, ECF No. 25, PageID.954.) Indeed, as the Magistrate Judge aptly pointed out, the record contains evidence that nothwithstanding Dr. Green's opinions that Clark was "totally disabled" and needed to frequently elevate his legs, Clark engaged in a series of physical activities that could be viewed as inconsistent with those opinions, such as camping, archery, hunting, cutting brush, and the use of all-terrain vehicle to remove a fallen tree from his yard. (*See* ECF No. 9-2, PageID.52 (describing how Clark "pulled a muscle in his right shoulder from

9

shooting archery" and fractured his left wrist "while assisting his 17-year-old son remove a fallen tree from his yard on a four wheeler"); ECF No. 9-8, PageID.460 (noting that Clark suffered "skin abrasions along the shin that he received while cutting his brush"); ECF No. 9-10, PageID.539 ("Frank … and his family are going out of town camping for a week").  And Clark has not even attempted to explain in the Objections why this evidence fails to support the ALJ's decision to discount Dr. Green's opinions.  Clark's Objections are therefore **OVERRULED**.

## VI

For all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- Clark's Objections to the R&R (ECF No. 26) are **OVERRULED**;
- The recommended disposition of the R&R (ECF No. 25) is **ADOPTED**;
- Clark's motion for summary judgment (ECF No. 15) is **DENIED**; and
- The Commissioner's motion for summary judgment (ECF No. 21) is **GRANTED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 22, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 22, 2020, by electronic means and/or ordinary mail.

                                         s/Holly A. Monda
                                         Case Manager
                                         (810) 341-9764